IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| IVAN I. MENDEZ, | Cause No. CV 12-00093-M-DLC-JCL |
|---|---|
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| BIG INTERNATIONAL CRIMINAL ORGANIZATION, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Ivan I. Mendez's application to proceed in forma pauperis. Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Mendez, an inmate in Delaware, has a well-documented history of filing frivolous and vexatious lawsuits in the various federal district and circuit courts

1

throughout the nation. Mendez has filed at least seventy cases in district courts around the country. At least three of these lawsuits have been dismissed as frivolous or for failure to state a claim. *See Mendez v. Unknown*, 1:12cv318-LMB-TCB (E.D. Va. March 29, 2012); Mendez *v. Connected Wired Members of a Big International Criminal Organization*, 4:12cv127-JEG (S.D. Iowa March 29, 2012); *Mendez v. Doe*, 2010 WL 2788198 (D. Del., July 14, 2010) (outlining history of Mendez' "vexatious and abusive" litigation in the state of Delaware and dismissing a similar complaint); *Mendez v. Delaware Corr. Ctr.*, 05cv303 (Del.); *Mendez v. Delaware Legal System*, 05cv304 (Del.); and *Mendez v. Delaware State*, 05cv305 (Del.); *Mendez v. Delaware Psychiatric Center*, Civ. No. 05-306-JJF (Dec. 1, 2005). When Mendez sued in these other cases, he was held in prison or jail and the cases were dismissed before Mendez filed this case.

Mendez has vastly exceeded the three "strikes" allowed by the PLRA to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of Section 1915(g). Mendez was given an opportunity to explain whether he was in imminent danger of serious physical injury and he did not do so. *See Dkt. 2–Order dated June 6, 2012*. Even when construed liberally in Mendez's favor,

2

the allegations in his Complaint do not support a finding that he is in "imminent danger of serious physical injury."

While the Court ordinarily gives litigants a period of time to pay the full filing fee of $350.00, it will not do so in this case. Long before he filed this action, Mendez knew, from his previous filings, that he probably would not be permitted to proceed in forma pauperis. Mendez has a history of abusing the system and filing repetitive and frivolous lawsuits. He is clearly knows he cannot submit such filings without payment of the filing fee or demonstrating imminent danger of serious physical harm.

Mendez is not entitled to a ten-day period to object. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Based on the foregoing, the Court **RECOMMENDS** that the Motion to Proceed in Forma Pauperis (Dkt. 1) be denied pursuant to 28 U.S.C. § 1915(g). The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 21st day of June, 2012.

Jeremiah C. Lynch
United States Magistrate Judge